On Writ of Certiorari to the Court of Appeal First Circuit, Parish of Lafourche.
| tWrit Denied. We find no error in the rulings of the lower courts as to the relator’s Motion to Vacate Judgment. The child custody ruling of the district court dated October 23, 2013 is a final judgment not subject of judicial review. See La. Code Civ. P. art. 2083. The relator may seek a change in custody by instituting a summary proceeding in the district court. See La.Code Civ. P. arts. 2592 and 2593. The relator “bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986). In furtherance of such, the relator must prove the change is in the best interest of the child. La. Civ. Code art. 131. The best interest of the child standard is a fact-intensive inquiry that requires the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented. C.M.J. v. L.M.C., 14-1119, p. 24 (La.10/15/14), 156 So.3d 16, 33. The factors a court considers in determining a child’s best interest are set forth in La. Civ.Code art. 134.